STOCKHOLM vs. ROBBINS.

A re-taxation of a bill of costs will be ordered when demanded by an attorney either of his own client or of the opposite party, even after a discontinuance of the suit and payment of the money, upon complaint of error in the taxation.

The same rule does not invariably prevail between attorney and client, as between party and party, in respect to the amount of costs to be recovered.

An attorney, however, is not entitled to charge his client for swelling an original writ by special counts spread out in the writ when the common money counts would have sufficed.

THIS was an action of assumpsit tried at the Tompkins circuit, in February, 1839, before the Hon. ROBERT MONELL, one of the circuit judges.

The suit was brought for the recovery of bills of costs in two suits prosecuted by the plaintiff. as the attorney of the now defendant against the *Tompkins County Bank*, during the suspension of *specie payments* by the banks in this state. The suits were by *original*, setting forth the causes of action in full on numerous *bank bills* as on promissory notes, and also under the common money counts ; the summons in one case containing 272 and in the other 294 folios, The originals were returnable in January term, 1838. Previous to the return day, *Robbins* and the *Tompkins County Bank* submtited the suits to *arbitration*, the bank agreeing to pay the *taxable costs* of the suits. On the 13th December, 1837, the arbitrator made his award, directing the bank to pay the amount of the bills for the non-payment of which the suits had been brought, with *ten* per cent damages. On the 29th *January*, 1838, *Stockholm*, on due notice to the attorneys of the bank, had the costs taxed in one suit at $152,50, and in the other at $141,50. [ `*110` ] In *March* *following, the bank applied to this court for a re-taxation, which was ordered, and the taxing officer directed to strike out from the bills all charges for causes of action stated in the writs of summons, except those stated in the money counts.

The attorney, *Stockholm*, then commenced this suit against his client *Robbins*, demanding the full amount of *costs as taxed* in *January*, and delivered a *bill of particulars*, setting forth the taxed bills as items of his claim. On the trial of the cause the above facts were shown. The plaintiff objected to the evidence of the order for re-taxation, insisting that the suits against the bank, having been submitted to arbitration were out of court, and, therefore, an order for retaxation could not legally be made ; and secondly, that he, the attorney, having been deprived, by his client, of the control of the suits by submitting them to arbitration, was not bound by the order for re-taxation, and should not be held to be affected by it. The judge overruled the objection, and it was then proved that the costs in the suits against the bank, taxed according to the direction of the court in the rule for re-taxation would not exceed *nineteen dollars*. The defendant claimed by way of *set off*, the sum of $36, for money paid by him to a third person for *copying* a portion of the original writs, and for his own services in *copying* another portion of them, the portions thus copied by the defendant and by his procurement amounting to about 1100 folios. The circuit judge charged the jury that the writs of summons would have been good had they contained only the money counts, but if they should come to the conclusion that the attorney believed in good faith that it was necessary to the interests of his clients, that the writs should be drawn up in the manner they had been, he was entitled to be paid for his services, and they should allow him what they should conclude he reasonably deserved to have. The

jury found a verdict in favor of the *defendant*, and certified a balance in his favor of *twenty dollars*. The plaintiff moves for a new trial.

*D. B. Stockholm*, in pro per.

*C. Humphrey*, for defendant.

*By the Court*, COWEN, J. I do not think the power of this court [ *111 ] to fix the amount of costs by ordering a re-taxation, would be gone even by a voluntary settlement of a cause, payment of the money and actual discontinuance ; much less, I should suppose, where it is merely constructive, as by a submission to arbitration. The court may direct a re-taxation of costs, irrespective of the actual pendency of a suit in which the taxation is to operate, and often do so as between attorney and client. The right and duty to do this, arises from the general authority of the court over attorneys as its officers : one branch of which is the power to prevent improper exactions either from the opposite party or their own clients. *Wadsworth* v. *Allen*, 1 *Chit. R.* 186. *Starr* v. *Vanderheyden*, 9 *Johns. R.* 253. *Vid. also Kellogg* v. *Potter*, 11 *Wendell*, 170. The plaintiff, therefore, relying on the taxation of the commissioner as evidence for himself, was bound to take it with the deductions made by the rules on the motion to retax. Whether that deduction, which was made as between party and party, should in all cases conclude as between attorney and client is another question. The attorney may, in his over doing, act in good faith, on a real doubt whether it be not necessary ; and though his services be reduced as to the opposite party, may possibly, notwithstanding, recover against his client for the whole ; but hardly, I should think, in a case like this, where he makes the very bills cut down by the court his bill of particulars and his evidence on the trial. The judicial act on which he sought to recover, had been reviewed on appeal and reversed. Independent of that, I apprehend, the rule in a matter of this kind, would be about the same between attorney and client as between party and party. In both cases, the extent of taxation would depend on the intent, to be collected from the utility or the obvious inutility of the act. *Vid. Willink* v. *Reckle*, 11 *Wendell*, 84. Be all this as it may, however, the judge thought the bills open to the question of good faith, and put the distinction to the jury, with instructions to act upon it, and allow them in full, should they conclude that the plaintiff performed this excess of labor under a belief that it was necessary. He explained to *them [ *112 ] the law and the practice which governs in the use of the special and general counts on promissory notes, thus placing before them, as far as possible, the materials for forming a correct conclusion. The plaintiff cannot complain that the legal ground of his claim has been improperly narrowed. The jury found that so much writing was not performed in good faith.

It struck them, I suppose, as it certainly did me, when I ordered the re-taxation, that all the folios beyond the money counts were drawn out with the single purpose of swelling the costs against the bank.

It is now said that special counts were necessary to indicate the claim of 10 per cent. by way of damages, which this bank is, by its charter, *Sess. L. of* 1831, *p.* 512, § 31, made liable to pay after demand; at least that this view raises a doubt on the mode of declaring, which would warrant the precaution taken. It seems, that in fact, the counts in question were fram-ed so as specially to claim the damages. Thus, a considerable addition was made to each count, and the aggregate folio increased a good deal. This is the first time I have heard of that argument. It was not mentioned on the motion to re-tax; nor could it have changed the result. It must have naturally occurred to any legal mind, on considering the words of the stat-ute with no more than ordinary care, that it was not intended to affect the form of declaring; but that the claim to the 10 per cent. would be raised by evidence under the ordinary counts, as in common cases. It was the direct consequence of this bank refusing payment, as much so, as 'if each note had expressed the obligation. It followed, the same as interest at 7 per cent. would do on a common promissory note. It was the law of the contract; and a declaration need never claim damages specially, which are a direct consequence of the case made out by evidence. This is a familiar rule of pleading.

In the most favorable view, it cannot add to the argument of *bona fides*, that this mere legal effect or claim of 10 per cent. is added to each special count, with great detail, instead of being appended, once for all, at the con-clusion of the whole.

New trial denied.

------------

[ *113 ]            BENNETT *vs.* INGERSOLL.

A court of common pleas in *an appeal case*, are bound to pronounce on all *questions of law* rais-ed and passed upon in the court below. Where such court refused to hear and decide upon a question of the *sufficiency of an affidavit*, presented upon the application for an attachment in the court below, and such affidavit was in fact *insufficient*, the judgment of the common pleas was reversed.

*It seems,* a party may sue out an *attachment* from a justice's court, although his demand exceed the jurisdiction of the court, provided that the sum for which judgment be *claimed* is within its jurisdiction.

ERROR from the Tompkins common pleas. Ingersoll commenced a suit by *attachment* against Bennett in a justice's court. He made affidavit that Ben-nett was justly indebted to him on demands arising upon contract, in the